IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORRAINE HILLIARD | ) | CASE NO.: |
| 20482 Williamsburg Ct. | ) | |
| Middleburg Hts., Ohio 44130 | ) | JUDGE: |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AKAL SECURITY, INC. | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | **COMPLAINT** |
| and | ) | **Jury Demanded Herein** |
| | ) | |
| NORTHERN MANAGEMENT | ) | |
| SERVICES, INC. | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. GENERAL SERVICES | ) | |
| ADMINISTRATION | ) | |
| Ohio Services Center | ) | |
| Metzenbaum U.S. Courthouse | ) | |
| 201 Superior Avenue East, Room 440 | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. MARSHALS SERVICE | ) | |
| 2604 Jefferson Davis Highway | ) | |
| Alexandria, VA 22301-1025 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE EMPLOYEE | ) | |

| | |
|---|---|
| (Name and address unknown) | ) |
| | ) |
| and | ) |
| | ) |
| JACK DOE SUPERVISOR | ) |
| (Name and address unknown) | ) |
| | ) |
| Defendants. | ) |

Now comes the Plaintiff, by and through undersigned counsel, refiles her Complaint with one (1) year of its having been voluntarily dismissed.

## **JURISDICTION AND PARTIES**

1. Lorraine Hilliard is a resident of the City of Middleburg Heights, which is located in Cuyahoga County, in the State of Ohio.

2. AKAL Security, Inc. is a for profit corporation organized under the laws of the State of New Mexico, and actively doing business within the State of Ohio.

3. Northern Management Services, Inc. is a for profit corporation headquartered in Idaho, and actively conducting business within the State of Ohio.

4. U.S. General Services Administration is the owner of 801 West Superior Avenue, and owns 17 facilities in the State, 10 of which are federal courthouses.

5. U.S. Marshals Service, a federal law enforcement agency within the U.S. Department of Justice, actively maintains a presence and operates within the State of Ohio.

6. Defendant unknown employee and supervisor are employed and/or working within the scope of employment at the U.S. District Court Northern Division of Ohio located at 801 West Superior Avenue in Cleveland Ohio.

7. This action arises from events that took place at 801 West Superior Avenue in Cleveland, Ohio.

8. Pursuant to §1346(b)(1) of the Federal Tort Claims Act, this jurisdiction and venue are proper.

**STATEMENTS OF FACTS**

9. On or about June 11, 2012, Plaintiff was on the premises of 801 West Superior Avenue in Cleveland, Ohio, which is her place of business.

10. Plaintiff was walking through an area in which there was an open security gate.

11. While Plaintiff was walking through the gated opening, the gate closed violently, pinning Plaintiff between the mechanical bars of the gate.

12. Plaintiff remained trapped between the gate and suffered multiple and severe injuries as a result of this incident.

**COUNT ONE-RESPONDEAT SUPERIOR**

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 13 above, and further alleges:

13. At the time of the aforementioned incident, Defendant John Doe employee was acting within the course and scope of his relationship as an employee, agent, or joint venture with Defendant AKAL Security, Inc.

14. As a direct and proximate result of the above referenced employment, agency, or joint venture relationship, Defendant AKAL Security, Inc. is liable for the damages caused by Defendant John Doe employee.

15. At the time of the aforementioned incident, Defendant John Doe employee was acting within the course and scope of his relationship as an employee, agent, or joint venture with Defendant Northern Management Services, Inc.

16. As a direct and proximate result of the above referenced employment, agency, or joint venture relationship, Defendant Northern Management Services, Inc. is liable for the damages caused by Defendant John Doe employee.

**COUNT TWO- RESPONDEAT SUPERIOR**

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 15 above, and further alleges:

17. U.S. Marshals Service contracts through AKAL Security, Inc. for various security needs.

18. By providing security, AKAL Security, Inc. acted as an agent of, and within specified scope of employment with, the U.S. Marshals Service.

19. As a direct and proximate result of above mentioned private contraction, U.S. Marshals Service is liable for the damages caused by Defendant AKAL Security, Inc.

**COUNT THREE- RESPONDEAT SUPERIOR**

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 18 above, and further alleges:

20. U.S. General Services Administration contracts through Northern Management Services, Inc. for maintenance purposes.

21. Northern Management Services, Inc. thereby acted as an agent of, and within specified scope of employment with, the U.S. General Services Administration.

22. As a direct and proximate result of above mentioned private contraction, U.S. General Services Administration is liable for the damages caused by Defendant Northern Management Services, Inc.

### COUNT FOUR-NEGLIGENCE

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 22 above, and further alleges:

23. The incident was caused by the recklessness, carelessness, and negligence of Defendants, for that among other acts and omissions:

    a. Defendant U.S. General Services Administration failed to ensure premises were properly maintained by Defendant Northern Management Services, Inc.;

    b. Defendant Northern Management Services, Inc. failed to maintain a reasonably safe premises, including but not limited to the security gate that caused Plaintiff's injuries;

    c. Defendant AKAL Security, Inc. negligently hired John Doe employee;

    d. Defendant AKAL Security, Inc. negligently retained John Doe employee;

    e. Defendant AKAL Security, Inc. negligently supervised John Doe employee;

    f. Defendant Northern Management Services, Inc. negligently hired John Doe employee;

    g. Defendant Northern Management Services, Inc . negligently retained John Doe employee;

    h. Defendant Northern Management Services, Inc. negligently supervised John Doe employee;

    i. Defendant John Doe employee negligently closed the gate on Plaintiff;

    j. Defendant John Doe employee negligently failed to maintain proper maintenance on said gate and failed to keep the gate in proper working order.

    k. Defendant John Doe employee failed to observe due care and precaution in the scope of his employment;

    l. Members of the U.S. Marshals Service acted in a negligent manner while providing security on the premises, including but not limited through contractions with Akal Security, Inc.;

    m. Defendants in other respects not now known to Plaintiff but which may become known prior to or at the time of trial.

24. As a direct and proximate result of Defendants' recklessness, carelessness and negligence, Plaintiff:

    a. Suffered injuries to her upper arm, thigh, lumbar, shoulder, neck and other injuries that may be permanent in nature, cause great physical pain and mental anguish, severe and substantial emotional distress, and the loss of the capacity for the enjoyment of life.

    b. Was, is, and will be restrained from engaging in normal activities and pursuits, including a loss of the ability to earn money and of actual earnings.

    c. Was otherwise hurt, injured, and caused to sustain losses.

25. All of Plaintiff's severe injuries and losses were, are, and will be, due solely to the Defendant's recklessness, carelessness, and negligence, without any negligence or want of due care of the Plaintiff's part contributing thereto.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for a judgment against the Defendants, jointly and/or severally, in an amount in excess of One Hundred Fifteen Thousand Dollars ($115, 000.00), together with costs incurred herein.

    Respectfully submitted,

_____
PATRICK MERRICK (0078336)
Steuer, Escovar, Berk & Brown Co., L.P.A.
55 Public Square, Suite 1475
Cleveland, Ohio 44113
216-771-8121
Fax: 216-771-8120
E-mail: pmerrick@sebblaw.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

A trial by jury in this case is hereby demanded.

_____
PATRICK MERRICK (0078336)
ATTORNEY FOR PLAINTIFF