**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORRAINE HILLIARD,** | ) | **CASE NO. 1:14 CV 1241** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **AKAL SECURITY, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On June 10, 2014, Plaintiff Lorraine Hilliard filed a complaint against Defendants Akal Security, Inc. ("Akal"), Northern Management Services, Inc. ("NMS"), U.S. General Services Administration ("GSA"), the U.S. Marshals Service ("the Marshals Service") and John Doe Employee. (Doc '#: 1.) The complaint alleges the following facts supporting the claims in their entirety:

9. On or about June 11, 2012, Plaintiff was on the premises of 801 West Superior Avenue in Cleveland, Ohio, which is her place of business.

10. Plaintiff was walking through an area in which there was an open security gate.

11. While Plaintiff was walking through the gated opening, the gate closed violently.

12. Plaintiff remained trapped between the gate and suffered multiple and severe injuries as a result of this incident.

(Id. at 3.)

Based on these factual allegations, Plaintiff asserts, in Count One, that at the time of the aforementioned incident, Defendant John Doe employee was acting within the course and scope

of his employment for Defendant Akal or Defendant NMS; therefore, Akal and/or NMS are liable for John Doe's damages. (Id. ¶¶13-16.) What it is exactly that John Doe did, or did not do, is a mystery. In Count Two, Plaintiff purports to assert a claim for "respondeat superior" against the Marshals Service based on its relationship with Akal. (Id. ¶¶ 17-19.) In Count Three, Plaintiff purports to assert a claim for "respondeat superior" against GSA based on its relationship with NMS. (Id. ¶¶ 20-22.) In Count Four, Plaintiff asserts a claim for negligence against GSA and NMS for failing to maintain a reasonably safe premises, and against Akal, NMS and the Marshals Service for negligently hiring, supervising and retaining John Doe. (Id. ¶¶ 23-24.)

Defendant Akal has filed a motion to dismiss the complaint for failure to state a claim (Doc #: 12), Defendants GSA and the Marshals Service have filed a motion to dismiss based on lack of jurisdiction (Doc #: 16), and Defendant NMS has filed a motion for judgment on the pleadings (Doc #: 18). The standard for reviewing a complaint under Rule 12(b)(6) requires that the court determine if the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A motion for judgment on the pleadings uses the same standard of review as a motion to dismiss. *Robinson v. Jackson*, No. 1:14 cv 115, 2014 WL 4988152, at *1 (S.D. Ohio Oct. 6, 2014) (citation omitted).

As a preliminary matter, the record shows that Plaintiff has exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), and that GSA, acting on behalf of itself and the Marshals Service, has denied her administrative claim. (See Doc #: 16-2 at 199-200.) GSA has also identified NMS as the contractor responsible for maintenance and repair of the

security gate involved in the claimed incident (and there are reports that the gate had numerous problems between May and August 2012) (see id. at 192-98), and Akal as the contractor responsible for providing security services at the building (see id. at 200).

Returning to the motions, Defendants Akal and NMS correctly point out that there is no stand-alone claim for "respondeat superior." Rather, under the theory of respondeat superior, an employer may only be vicariously liable for the negligent acts of its employees that occur within the course and scope of their employment. *See, e.g., West v. Yeropoli*, No. 4:11 CV 2504, 2012 WL 567735, at *5-6 (N.D. Ohio Feb. 21, 2012) (citing *Housel v. Raytheon Aircraft Servs., Inc.*, 2009-Ohio-2730 (Ohio App. Dist. 8, June. 11, 2009)). The underlying tort claim must be a legally cognizable one. *Id*.

The respondeat superior claim against these Defendants appears to be based on the negligence of John Doe. But the complaint does not assert whether John Doe is a security officer employed by Akal, or a maintenance worker employed by NMS. Rather, Plaintiff alleges that John Doe works for Akal and/or NMS through a "joint venture relationship." (Compl. ¶ 13, 15.) This allegation is simply insufficient. And Plaintiff has not alleged whether John Doe had a duty to Plaintiff; what it is that he did, or did not do, to breach that duty; and whether it is his conduct (and not an intervening act) that caused Plaintiff's injuries. Under *Iqbal* and *Twombly*, Plaintiff must assert specific facts (and not legal conclusions) supporting these elements.

Plaintiff also alleges claims for "respondeat superior" against GSA and the Marshals Service, stating that these Defendants are vicariously liable for the negligent acts of Akal and NMS occurring within the course and scope of their employment with GSA and the Marshals Service. (Id. ¶¶ 18, 21.) However, neither Akal nor NMS are employees or agents of GSA or

the Marshals Service.  And although the federal government has waived sovereign immunity for the negligent acts of its employees through the Federal Tort Claims Act, it has not waived that immunity for the negligent acts of the employees of its independent contractors – which, it appears, Akal and NMS are.

Finally, Count Four contains multiple claims against multiple Defendants.  Plaintiff asserts claims against GSA and NMS for failing to maintain a reasonably safe premises (Compl. ¶¶ 23(a)-(b)), claims for negligent hiring/supervision/retention against Akal (id. ¶¶ 23(c)-(e)) and NMS (id. ¶¶ 23(f)-(h)), and negligence and other claims against John Doe and the Marshals Service (id. ¶¶ 23(I)-(l)).

The complaint, as it stands today, is insufficiently specific to withstand *Iqbal* and *Twombly* review.  However, due to the cost of filing complaints in federal court and in fairness to plaintiffs, the Court does not dismiss complaints without providing plaintiffs one opportunity to amend them with more specific factual allegations.

Accordingly, the Court hereby **DIRECTS** Plaintiff to file, **no later than 12:00 noon on Wednesday, October 29, 2014**, an amended complaint sufficient to withstand *Iqbal* and *Twombly* review.  Plaintiff shall also give due consideration to the question of whether the Marshals Service and GSA are proper defendants.  If the amended complaint is insufficiently specific, it will be dismissed "with prejudice."  Based on this Order, the pending motions (**Doc ##: 12, 16, 18**) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                 */s/ Dan A. Polster    October 21, 2014*
                                 **Dan Aaron Polster**
                                 **United States District Judge**